IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAXX SHIELD,

      Plaintiff,

vs.

MONARCH PROPERTIES, INC.,
SANDIA VISTA, LTD. II, AND
BILLY R. COWAN,

      Defendants.

No. 04cv0858 PK/DJS

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Partial Motion for Summary Judgment filed August 19, 2005.  Doc. 62.  Upon consideration thereof,

1. <u>Background.</u>  Plaintiff, Max Shield, is physically disabled with a spinal disorder and is confined to a wheel chair.  He has resided in subsidized housing at the Sandia Vista Apartments in Albuquerque since November 1, 2000; he moved to another Sandia Vista apartment in March 2003.  From the time Mr. Shield applied for residency until April or May 2004, when the apartments were sold, the apartments were managed by Defendant Monarch Properties, Inc., and owned by Defendant Sandia Vista Ltd. II, with Defendant Billy R. Cowan as the general partner.

Mr. Shield alleges that the Defendants failed to add or delayed in adding various accessibility features for him including: (1) ramps and curb cuts to allow access to his apartment and common areas, (2) widening his bathroom door for wheelchair access, (3) moving various electric outlets and switches to safe and accessible locations, and (4) making a heavy sliding glass door easier to open and close.  Additional facts will be discussed as pertinent to resolution of the motion. Plaintiff relies on several theories:

| Count | Theory |
|---|---|
| I | Breach of Contract |
| II | Promissory Estoppel |
| III | New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 to 57-12-24. |
| IV | Rehabilitation Act of 1973, 29 U.S.C. § 794 |
| V | None |
| VI | Respondeat Superior |
| VII | Negligence Per Se |
| VIII | Negligent Supervision |

Doc. 22.  Defendants seek summary judgment on Counts II, III, and IV, and to eliminate claims for emotional distress damages and punitive damages.

2. <u>Summary Judgment Standard.</u>  The parties' submissions have been evaluated in accordance with Fed. R. Civ. P. 56(c) and the standards set forth in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), and <u>Anderson v. Liberty Lobby,</u>

Inc., 477 U.S. 242 (1986).  Summary judgment should be granted to Defendants

on Counts II and III, and on any claimed emotional distress damages based solely

upon the formation of the contract or promise.

     3.  <u>Count II-Promissory Estoppel.</u>  In Count II, Plaintiff seeks to rely upon

promissory estoppel to the extent that various promises alleged in the Count I

breach of contract claim are not supported by consideration.  Defendants contend

that Plaintiff cannot demonstrate that Defendants made any promises which

induced him to act, and have supported that with deposition testimony of the

Plaintiff.  Plaintiff must now come forward with evidence showing a genuine

issue of material fact on this claim.  <u>Anderson</u>, 477 U.S. at 256 ("The movant has

the burden of showing that there is no genuine issue of [material] fact, but the

plaintiff is not thereby relieved of his own burden of producing in turn evidence

that would support a jury verdict."); <u>Celotex</u>, 477 U.S. at 322-23 (summary

judgment is proper where non-movant does not make a showing on an essential

element of his claim; the movant is not required to negate the non-movant's

claim).  Plaintiff responds to the motion for summary judgment claiming that

promises were made directly and impliedly concerning ramps and accessibility

features and these promises predated his occupancy at Sandia Vista.  Doc. 63 at

13.

     Promissory estoppel requires:

> (1) An actual promise must have been made which in fact induced the promisee's action or forbearance; (2) The promisee's reliance on the promise must have been reasonable; (3) The promisee's action or forbearance must have amounted to a substantial change in position; (4) The promisee's action or forbearance must have been actually foreseen or reasonably foreseeable to the promisor when making the promise; and (5) enforcement of the promise is required to prevent injustice.

Strata Prod. Co. v. Mercury Exploration Co., 916 P.2d 822, 828 (N.M. 1996).

Plaintiff cannot satisfy the first element, that the promise induced him to act. When asked about promises made to him by Sandia Vista, the Plaintiff responded in his deposition that the on-site property manager (Angela Bowens) and regional supervisor for Monarch Properties (Andrew Silva) promised in mid-to-late November that they would make the apartment accessible. Doc. 62, Ex. C at 111-113. Of course, by mid- to late-November, Plaintiff already had moved into the apartment–the promises could not have induced his move.

Subsequent to his deposition and in response to Defendants' motion for partial summary judgment, Plaintiff has submitted an affidavit with a different version of events. He contends that when he applied for residency at Sandia Vista, he was promised ramps on two occasions by the on-site property manager. Doc. 63, Pl. Ex. A at 1-2 ¶¶ 2, 5. These events occurred in October 1999, and a few days before he moved in on November 1, 2000. Id. He also relies upon a rental application signed October 28, 1999, where he checked the box "Yes, I wish to request reasonable accommodations." Id. at ¶ 4 (& Ex. A to Affidavit).

-4-

Finally, he relies upon a Verification of Need form completed October 31, 2000, and signed by himself and a nurse. Id. at ¶ 8 (& Ex. B to Affidavit).  In that form, the nurse checked boxes indicating that Plaintiff needed a barrier free apartment, a one-level unit, physical modifications to the apartment, and she wrote in that he needed grab bars in the bathroom and a shower seat.

As an initial matter, the rental application and verification of need form simply do not constitute "actual promises," or representations of fact by these Defendants, nor would any reasonable person rely upon them as such.  See Restatement (Second) of Contracts § 90(1) (1981).  Further, action by the Plaintiff based upon these representations (made by himself and a nurse) would not be foreseeable by the Defendants.  Plaintiff relies on his subjective understanding of the consequences of being given these forms and signing them (or having the nurse verify his needs and sign too).  He maintains that he understood that Sandia Vista would provide him a barrier-free or accessible apartment, but Plaintiff's subjective understanding is insufficient to support a promissory estoppel claim.  See Lantec, Inc. v. Novell, Inc., 306 F.3d 1003, 1020-1021 (2002).

As noted, Plaintiff now recalls two occasions when he was promised accommodation prior to occupancy.  Though he did not testify to these events at his deposition, he urges the court to consider them, explaining that the pressure of a long deposition and his failure of memory were responsible for him not

mentioning them earlier.  Doc. 63, Pl. Ex. A at 1-2, ¶¶ 3,7.  Defendants urge the court to reject the affidavit insofar as these two occasions are concerned as an attempt to create a sham factual issue.  Defendants advise that the deposition was a little more than four hours, with three breaks.  Additionally, Defendants state that Plaintiff had the opportunity to review his deposition to correct errors or omissions, but never made any changes.

In deciding whether to disregard the factual contentions in the affidavit that went undisclosed at the deposition, the court should consider whether (1) the affiant had an opportunity to be cross-examined during the earlier deposition testimony, (2) whether the affiant had access to the "new" evidence, and (3) whether the affidavit is merely a response to confusing earlier testimony.  Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986).  Nothing suggests that Mr. Shield was not thoroughly examined at his deposition, that the evidence he now recalls is somehow new, or that he was confused insofar as the alleged promises coming after he occupied the apartment.  The testimony in the affidavit contradicts the deposition testimony as to the timing of any alleged promises by Defendants.  Accordingly, the court will disregard the affidavit insofar as it contradicts the deposition testimony.  Accordingly, summary judgment in favor of Defendants on the promissory estoppel claim is appropriate.

4. Count III-Unfair Practices Act.  In Count III, Mr. Shield seeks damages and treble damages based "primarily for emotional and physical distress" based

upon misleading statements that he would have ramps and a continuous-
accessibility path when he arranged to move there.  Doc. 22 at 9, ¶ 48.
Defendants contend that summary judgment on this claim is warranted because
the Unfair Practices Act (insofar as damages are sought)[1] only provides a remedy
to a person "who suffers any loss of money property," and that no representations
were made until after Mr. Shield moved in.  See N.M. Stat. Ann. § 57-12-
2(D)(15) & (17), 57-12-10(B).  Though the statute would seem to require a loss of
money or property, the New Mexico Supreme Court has held that in the absence
of a loss of money or property, an action may be maintained, but recovery is
limited to $100 or $300 if the violation is willful.  Page & Wirtz Constr. Co., 794
P.2d 349, 354-55 (N.M. 1990); accord Jones v. Gen. Motors Corp., 953 P.2d
1104, 1108-1109 (N.M. Ct. App. 1998).

　　　Defendants rely upon Chavarria v. Fleetwood Retail Corp. of N.M., 115
P.3d 799 (N.M. Ct. App.), cert. granted, 115 P.3d 230 (N.M. 2005), where the
New Mexico Court of Appeals determined that one element of a UPA damage
award (based on an unlicensed sale of insurance) could not be upheld because of
no actual injury or damages.  Id. 115 P.3d at 809-10.  Chavarria does not involve
the more factually apposite situation concerning statutory damages in lieu of any

---

　　　[1]  The language of the UPA provides for a private right of action and
injunctive relief even in the absence of damages.  N.M. Stat. Ann. § 57-12-10(A).
("Proof of monetary damage, loss of profits, or intent to deceive or take unfair
advantage of any person is not required.").

evidence of actual damages.  Chavarria does not cite Page & Wirtz or Jones and it appears that Chavarria will be reviewed by the New Mexico Supreme Court.

In Chavarria, the court of appeals also determined that amounts awarded under the UPA in connection with the inconvenience and aggravation from a mobile home transaction were not properly awarded under the UPA because Plaintiffs had stipulated that such evidence pertained only to a breach of warranty claim.  Chavarria, 115 P.3d at 810.  Chavarria would seem to support the notion that absent such a stipulaton, such damages could be awarded under the UPA.

Be that as it may, Plaintiff has failed to respond to the contention that this claim is deficient factually, and this court has rejected the idea that Plaintiff can rely upon the representations tending to support it contained in his recent affidavit.  Cf. D.N.M. LR-Civ. 7.1(b) (failure to respond constitutes consent to grant the motion).  Accordingly, summary judgment is warranted on the UPA claim.

5.  Counts I and II-Emotional Distress Damages for Breach of Contract and Promissory Estoppel.  Defendants contend that damages under these theories cannot include emotional distress damages absent evidence that the parties contemplated them at the time of contract formation or the underlying promise in the promissory estoppel claim.[2]

_____

[2]  Although the court has granted summary judgment in favor of Defendants
(continued...)

In Woodmen Accident & Life Ins. Co. v. Bryant, 784 F.2d 1052 (10th Cir. 1986), the Tenth Circuit concluded that New Mexico would follow the majority rule that emotional distress damages are "not recoverable under a contract claim, unless the breach causes bodily harm, or unless the contract or the breach is of such a kind that serious emotional disturbance is a particularly likely result." Id. at 1056 (citing Restatement (Second) of Contracts § 353). The New Mexico Supreme Court has allowed emotional distress damages for breach of contract in one unique situation, funeral contracts. Flores v. Baca, 871 P.2d 962, 967-70 (N.M. 1994). An emotional distress claim in those circumstances is within the contemplation of the parties. Id. at 968, 970. The Flores court cited § 353 of the Restatement (Second) of Contracts with approval. Id., 871 P.2d at 970. The Restatement provides, as an example, that emotional distress damages would not be allowed for breach of a contract to construct a house, even where the builder knows that the purchaser is in delicate health and proper performance is of great importance to the buyer. Restatement (Second) of Contracts, § 353, cmt. a, illus. 1; accord Hancock v. Northcutt, 808 P.2d 251, 258 (Alaska 1991). In the employment context, New Mexico courts hold that, absent evidence that such damages are within the contemplation of the parties, emotional distress damages

---

[2](...continued)
on the promissory estoppel claim, the court will analyze this aspect of that claim for the sake of completeness.

are not available for breach of employment contracts.  See Silva v. Albuquerque
Assembly & Distrib. Freeport Warehouse Corp., 738 P.2d 513, 514 (N.M. 1987);
Martinez v. N. Rio Arriba Elec. Coop., Inc., 51 P.3d 1164, 1169 (N.M. Ct. App.
2002).

Applying § 353 to the present case, Plaintiff argues that it should have been
obvious at the time of contracting that the failure to provide him an accessible and
barrier free living environment would cause him extreme emotional distress.  Doc.
63 at 13-14.  In his affidavit, Mr. Shield indicates that he suffered greatly from
November 2000 to March or April 2004, based upon the Defendants' failure to
provide him such access.  Doc. 63, Pl. Ex. A at 3-4, ¶ 11.  This plainly is
insufficient to establish that the emotional distress damages for a breach were
within contemplation of the parties including Defendants at formation or when the
promise was made.  See Allen v. Lee, 538 N.E.2d 1073, 1075 (Ohio Ct. App.
1987) (residential lease lacks special emotional significance necessary for
recovery of emotional distress damages in contract).

That does not end the matter, however.  Section 353 allows emotional
distress damages under contract when the breach causes bodily harm.  Mr. Shield
alleges that he suffered an irreparable hernia as a result of an attempt to get into
his apartment, and that he is in pain "a lot."  Doc. 63, Pl. Ex. A at 3-4, ¶ 11.  At
this point, the court will reserve ruling (pending factual development) on whether
emotional distress damages based on contract might be available on this theory.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Partial Motion for Summary Judgment filed August 19, 2005 (Doc. 62), is granted as to Counts II (promissory estoppel) and III (Unfair Practices Act), and insofar as emotional distress damages are claimed on Counts I (breach of contract) and II (promissory estoppel) based solely upon the formation of the contract or promise.  In all other respects, the motion is denied.

DATED this <u>29th</u> day of September 2005, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Richard Weiner, New Mexico Legal Aid, Inc., Albuquerque, New Mexico, for Plaintiff.

Terrance P. Yenson & April D. White, Yenson, Lynn, Allen & Wosick, P.C., Albuquerque, New Mexico, for Defendants.